**Joseph L. CONNORS, Plaintiff,**

**v.**

**MAINE MEDICAL CENTER and UNUM Life Insurance Company of America, Defendants.**

**No. CIV.A. 98–273–P–C.**

United States District Court, D. Maine.

Sept. 27, 1999.

Jon Holder, Holder & Grover, Portland, ME, for Plaintiff.

William J. Kayatta Jr., Esq., Peter H. Jacobs, Pierce Atwood, Portland, ME, for Defendant Maine Medical Center.

Patricia A. Peard, Bernstein, Shur Sawyer & Nelson, Portland, ME, for Defendant UNUM Life Insurance.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Now before the Court is Plaintiff Joseph Connors' Motion to Reconsider with Incorporated Memorandum of Law (Docket No. 42), and Motion to Amend the Amended Complaint (Docket No. 41). Plaintiff requests that, in light of the recent United States Supreme Court decision in *UNUM Life Ins. Co. of America v. Ward*, 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), this Court review its finding in its Memorandum of Decision and Order of March 3, 1999 (Docket No. 31), that a claim arising under 24–A M.R.S.A. § 2159–A must be brought as a cause of action separate and apart from a claim arising under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act, ("ERISA"). Also, Plaintiff seeks to amend his Amended Complaint to allege that Defendant UNUM Life Insurance Company of America's ("UNUM") liability under section 1132(a)(1)(B) is further evidenced by UNUM's violation of 24–A M.R.S.A. § 2159–A. Defendants Maine Medical Center ("MMC") and UNUM object to Plaintiff's motions on the ground that the *Ward* decision does not alter the result reached by the Court in its Memorandum of Decision and Order. Therefore, Defendants argue, reconsideration of the Court's decision, and amendment of the Amended Complaint, is unwarranted. For the reasons set forth below, the Court will grant Plaintiff's Motion to Reconsider, and deny Plaintiff's Motion to Amend.

## I. BACKGROUND

The relevant background of this action is as follows. On October 7, 1998, Plaintiff filed an Amended Complaint. (Docket No. 12). The Amended Complaint alleges that Defendants violated, respectively: Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") ("Count I"); Title III of the ADA ("Count II"); the Maine Human Rights Act, 5 M.R.S.A. § 4572 ("MHRA") ("Count III"); and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") ("Count IV").[1] On November 23, 1998, Defendants jointly moved for summary judgment as to Counts I, II, and III of the Amended Complaint, and Plaintiff cross-moved for summary judgment as to Count IV.

In support of his Cross–Motion for Summary Judgment, Plaintiff argued, in effect, that Defendants had violated ERISA because the long-term disability plan they had issued violated a Maine law (24–A M.R.S.A. § 2159–A) that regulated insurance, and the insurance statute was not preempted by section 1144 of ERISA.

---

**1.** Specifically, Count IV of Plaintiff's Amended Complaint currently alleges that Defendants violated 29 U.S.C. § 1132(a)(1)(B), the civil enforcement provision of ERISA, through Defendants wrongful classification of Plaintiff's disability as "mental" rather than "physiological," thereby wrongfully and arbitrarily limiting Plaintiff's disability benefits. Amended Complaint ¶ 36 Docket No. 12.

Memorandum of Decision and Order p. 35. This Court, however, rejected Plaintiff's argument. This Court found that the proper way for Plaintiff's claim to have arisen was "for [Plaintiff] to have brought a state law claim alleging that the [long term-disability plan] violated 24–A M.R.S.A § 2159–A." *Id.* at 36. Accordingly, Plaintiff's Cross–Motion for Summary Judgment was denied.[2]

Thereafter, on April 20, 1999, the United States Supreme Court decided the case of *UNUM Life Ins. Co. of America v. Ward.* Plaintiff maintains that under the *Ward* decision, this Court's previous finding, that a claim which arises under 24–A M.R.S.A. § 2159–A must be alleged separately from a claim arising under ERISA, is erroneous. As such, Plaintiff seeks reconsideration of the Court's previous ruling on this issue, as well as permission to amend Count IV of the Amended Complaint to include an allegation that Defendant UNUM's ERISA violation is further evidenced by UNUM's violation of 24–A M.R.S.A. § 2159–A.

## II. DISCUSSION

The Court will grant Plaintiff's Motion to Reconsider, and reconsider its previous Memorandum of Decision and Order. In *UNUM Life Ins. Co. of America v. Ward,* the plaintiff sought disability benefits under an ERISA-governed insurance policy issued by the defendant. *Ward,* 526 U.S. at ——, 119 S.Ct. at 1384. The defendant, however, denied the plaintiff's claim for benefits on the sole ground that the plaintiff submitted his proof of claim outside the time limit set forth in the policy. *Id.* Consequently, the plaintiff commenced an action against the defendant, pursuant to

**2.** This Court, however, granted Defendants' Joint Motion for Summary Judgment as to Counts I, II and III. Memorandum of Decision and Order p. 37 Docket No. 31. Currently, therefore, only Count IV of the Amended Complaint remains.

**3.** "California's notice-prejudice rule prescribes: '[A] defense based on an insured's

29 U.S.C. § 1132(a), the civil enforcement provision of ERISA, to recover the disability benefits provided by the policy. *Id.*

Thereafter, the district court granted the defendant's motion for summary judgment with respect to the plaintiff's ERISA claim, but the Circuit Court of Appeals for the Ninth Circuit reversed the district court's decision on two grounds. *Ward,* 526 U.S. at ——, 119 S.Ct. at 1384; *Ward v. Management Analysis Co. Employee Disability Plan,* 135 F.3d 1276, 1280 (1998). For purposes of the Court's discussion here, only the first ground is relevant. The circuit court found that under California's "notice-prejudice rule," [3] the plaintiff's late notice would not preclude his ERISA claim absent proof that the defendant suffered actual prejudice because of the delay. *Id.*

Thereafter, the defendant appealed the circuit court's decision. On appeal, the defendant argued that the notice-prejudice rule was preempted by 29 U.S.C. § 1104(a)(1)(D) because the rule conflicted with substantive provisions of ERISA. *Id.* at 1390. The Supreme Court, however, rejected the defendant's argument. Specifically, the Court stated:

> Whatever the merits of [the defendant's] view of § 502(a)'s preemptive force, the issue is not implicated here. [The plaintiff] sued under § 502(a)(1)(B) 'to recover benefits due ... under the terms of his plan.' The notice-prejudice rule supplied the relevant rule of decision for this § 502(a) suit. The case therefore does not raise the question whether § 502(a) provides the sole launching ground for an ERISA enforcement action.

failure to give timely notice [of a claim] requires the insurer to prove that it suffered actual prejudice. Prejudice is not presumed from delayed notice alone. The insurer must show actual prejudice, not the mere possibility of prejudice.' " *Ward,* 526 U.S. at ——, 119 S.Ct. at 1386.

*Ward,* 526 U.S. at —————, 119 S.Ct. at 1390–91.

Here, Plaintiff, as with the plaintiff in *Ward,* sued Defendant under 29 U.S.C. § 1132(a) for benefits due. However, unlike Plaintiff in this case, the *Ward* plaintiff sought not to bolster the *merits* of his ERISA claim through the use of any state rule of decision; instead, the *Ward* plaintiff sought only the application of the notice-prejudice rule "as a *relevant* rule of decision" to his ERISA action. *Ward,* 526 U.S. 358, —— n. 7, 119 S.Ct. 1380, 1392 n. 7, 143 L.Ed.2d 480 (emphasis added). Thus, in *Ward,* the notice-prejudice rule was relevant to the plaintiff's ERISA claim only in the respect that it allowed the ERISA claim to survive the defendant's motion for summary judgment and go forward. Of importance in *Ward,* however, the notice-prejudice rule in no way bolstered the merits of the plaintiff's ERISA claim. Indeed, the actual merits of the *Ward* plaintiff's ERISA claim were entirely unrelated to the notice-prejudice rule.

By contrast, Plaintiff here wishes to bolster the merits of his ERISA claim against Defendants through the assertion that Defendants violated not only the federal Act, but Maine state law as well. But as was discussed previously in this Court's Memorandum of Decision and Order, the assertion that Defendants violated 24–A M.R.S.A. § 2159–A has no bearing on whether Defendants violated 29 U.S.C. § 1132(a)(1)(B). Indeed, the sufficiency of Plaintiff's ERISA claim is in no way dependant on the assertion that Defendants violated 24–A M.R.S.A. § 2159–A at all. Consequently, unlike the situation in *Ward,* where the state rule of decision was relevant to the plaintiff's ERISA claim, 24–A M.R.S.A. § 2159–A as a Maine rule of decision, has no relevance whatsoever to Plaintiff's ERISA cause of action.

In sum, the Supreme Court's decision in *Ward* provides no authority for Plaintiff's proposition that a violation of state statutory law may form an additional basis for a defendant's liability under the civil enforcement provision of ERISA. As discussed previously, the *Ward* plaintiff was not attempting to strengthen his ERISA claim through the application of the relevant notice-prejudice rule. Rather, the *Ward* plaintiff sought the application of the notice-prejudice rule so as to avoid the dismissal of his ERISA claim on a procedural, as opposed to substantive, ground.

Therefore, because Plaintiff's argument is predicated upon a legal proposition not supported by the Supreme Court's decision in *Ward,* the Court will deny Plaintiff's Motion to Amend as futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (motion to amend will be denied if amendment futile).

Accordingly, it is **ORDERED** that Plaintiff's Motion to Reconsider be, and it is hereby, **GRANTED**. It is further **ORDERED** that having reconsidered this Court's previous ruling in its Memorandum of Decision and Order dated March 3, 1999, that decision is hereby **AFFIRMED**, and Plaintiff's Motion to Amend be, and it is hereby, **DENIED**.